JS 44  (Rev. 04/21)

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.    *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Hector Alomar | City of Philadelphia, Police Officer John Doe #1, Police Officer John Doe #2 |
| **(b)** County of Residence of First Listed Plaintiff  **Philadelphia**<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant _____<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>Henry George, Esq. Law Office of Gregory J. Pagano<br>1315 Walnut Street, 12th Fl. Phila PA 19107 2156360160 | Attorneys *(If Known)*<br>unknown |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question<br>*(U.S. Government Not a Party)* |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity<br>*(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br>**INTELLECTUAL PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 835 Patent - Abbreviated New Drug Application<br>☐ 840 Trademark<br>☐ 880 Defend Trade Secrets Act of 2016 | ☐ 375 False Claims Act<br>☐ 376 Qui Tam (31 USC 3729(a))<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit (15 USC 1681 or 1692)<br>☐ 485 Telephone Consumer Protection Act<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☒ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act<br><br>**IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | **SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original Proceeding  ☐ 2  Removed from State Court  ☐ 3  Remanded from Appellate Court  ☐ 4  Reinstated or Reopened  ☐ 5  Transferred from Another District *(specify)*  ☐ 6  Multidistrict Litigation - Transfer  ☐ 8  Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983 and U.S.C. § 1988

Brief description of cause:
Excessive Force

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $** $200,000

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*  JUDGE _____  DOCKET NUMBER _____

DATE  4/24/26

SIGNATURE OF ATTORNEY OF RECORD  *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**

Place of Accident, Incident, or Transaction: *Philadelphia, PENNSYLVANIA*

---

*RELATED CASE IF ANY:* Case Number:_____ Judge:_____

1. Does this case involve property included in an earlier numbered suit?  Yes ☐

2. Does this case involve a transaction or occurrence which was the subject of an earlier numbered suit?  Yes ☐

3. Does this case involve the validity or infringement of a patent which was the subject of an earlier numbered suit?  Yes ☐

4. Is this case a second or successive habeas corpus petition, social security appeal, or pro se case filed by the same individual?  Yes ☐

5. Is this case related to an earlier numbered suit even though none of the above categories apply? If yes, attach an explanation.  Yes ☐

I certify that, to the best of my knowledge and belief, the within case ☐ is / ☑ **is not** related to any pending or previously terminated action in this court.

---

**Civil Litigation Categories**

A. *Federal Question Cases:*

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts)
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Wage and Hour Class Action/Collective Action
☐ 6. Patent
☐ 7. Copyright/Trademark
☐ 8. Employment
☐ 9. Labor-Management Relations
☒ 10. Civil Rights
☐ 11. Habeas Corpus
☐ 12. Securities Cases
☐ 13. Social Security Review Cases
☐ 14. Qui Tam Cases
☐ 15. Cases Seeking Systemic Relief *see certification below*
☐ 16. All Other Federal Question Cases. *(Please specify):*_____

B. *Diversity Jurisdiction Cases:*

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (*Please specify*):_____
☐ 7. Products Liability
☐ 8. All Other Diversity Cases: *(Please specify)*_____

I certify that, to the best of my knowledge and belief, that the remedy sought in this case ☐ **does** / ☑ **does not** have implications beyond the parties before the court and ☐ **does** / ☑ **does not** seek to bar or mandate statewide or nationwide enforcement of a state or federal law including a rule, regulation, policy, or order of the executive branch or a state or federal agency, whether by declaratory judgment and/or any form of injunctive relief.

---

**ARBITRATION CERTIFICATION (CHECK ONLY ONE BOX BELOW)**

I certify that, to the best of my knowledge and belief:

☑ Pursuant to Local Civil Rule 53.2(3), this case is not eligible for arbitration either because (1) it seeks relief other than money damages; (2) the money damages sought are in excess of $150,000 exclusive of interest and costs; (3) it is a social security case, includes a prisoner as a party, or alleges a violation of a right secured by the U.S. Constitution, or (4) jurisdiction is based in whole or in part on 28 U.S.C. § 1343.

☐ None of the restrictions in Local Civil Rule 53.2 apply and this case is eligible for arbitration.

NOTE: A trial de novo will be by jury only if there has been compliance with F.R.C.P. 38.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

Hector Alomar

v.

City of Philadelphia, et al

CIVIL ACTION

NO. 2:26-CV-2026

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                              ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                           ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.          (✓)

4/24/26
**Date**

Henry George
**Attorney-at-law**

Plaintiff Hector Alomar
**Attorney for**

215-636-0160
**Telephone**

215-636-0164
**FAX Number**

Hgeorge@paganoLaw.Net
**E-Mail Address**

(Civ. 660) 10/02

American LegalNet, Inc.
www.FormsWorkFlow.com

**LAW OFFICE OF GREGORY J. PAGANO, P.C.**
**BY: HENRY GEORGE, ESQUIRE**
Attorney I.D. No. 322481
1315 Walnut Street, 12TH Floor
Philadelphia, PA 19107
215-636-0160
hgeorge@paganolaw.net                  **Attorney for Plaintiff Hector Alomar**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **HECTOR ALOMAR** : | **CIVIL ACTION** |
| : | |
| **Plaintiff** : | **NO: 2:26-CV-2706** |
| **vs.** : | |
| : | |
| **CITY OF PHILADELPHIA** : | **JURY TRIAL DEMANDED** |
| **and** : | |
| **POLICE OFFICER JOHN DOE #1** : | |
| **and** : | |
| **POLICE OFFICER JOHN DOE #2** : | |
| **Defendants** : | |

## COMPLAINT

1. This is a complaint for money damages brought pursuant to 42 U.S.C. §1983 and 1988, as well as the Fourth and Fourteenth Amendments to the United States Constitution, and under the Commonwealth of Pennsylvania Constitution. Jurisdiction is based upon 28 U.S.C. §1331 and 1343 and, pendent jurisdiction of this court to consider claims under state law.

## PARTIES

2. Plaintiff, Hector Alomar is, at all times relevant to this Complaint, an adult resident of the City of Philadelphia, Pennsylvania and is presently forty-six (46) years old.

3. At all times relevant to this Complaint, Defendant Police Officer John Doe #1(hereinafter "Doe #1") was a police officer employed by the City of Philadelphia Police Department

1

and acting under color of state law being sued in both his individual and official capacity. Plaintiff does not presently know the full name and/or badge number of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery. Upon information and belief, Police Officer John Doe #1 is Officer Flores of the 24th Police District of the Philadelphia Police Department.

4. At all times relevant to this Complaint, Defendant Police Officer John Doe #2 (hereinafter "Doe #2") was a police officer or supervisor employed by the City of Philadelphia Police Department and acting under color of state law being sued in both his/her individual and official capacity. Plaintiff does not presently know the name of this defendant but will seek leave to amend the Complaint so as to name the appropriate defendant after discovery.

5. Defendant The City of Philadelphia is a municipal corporation and the employer of the individually named defendants and John Doe defendants.

## FACTS

6. On or about April 26, 2024, Plaintiff, Hector Alomar was in Philadelphia Police custody.

7. While in the custody of the Philadelphia Police Department, Plaintiff was taken to Temple University Hospital Episcopal Campus located at 100 E Lehigh Avenue, Philadelphia, PA 19125 due to complaints of chest pain.

8. While being escorted into the hospital by Defendants Doe #1 and Doe #2, Plaintiff was at all times handcuffed behind his back.

9. Plaintiff, while handcuffed behind his back, without notice or provocation was violently shoved by Defendant Doe #1 and/or Doe #2 into a wall in the Emergency Department of

2

the hospital injuring his left clavicle, left shoulder and sustained a laceration to his left eyebrow requiring sutures.

10. Due to the seriousness of Plaintiff's injuries, he was treated at Temple Hospital Episcopal Campus while in police custody and given lidocaine, ibuprofen, acetaminophen.

11. At the time of Defendants Doe #1's and/or Doe #2's, conduct of violently shoving Plaintiff into a wall while handcuffed, Plaintiff had not committed any infraction to legally justify the amount of force used and there were not reasonable grounds to believe that use of force against Plaintiff was necessary.

12. Plaintiff was not charged with Resisting Arrest under Title 18 PA.C.S. §5104 at the time of this incident.

13. The conduct of Defendants Doe #1 and Doe #2 was part of a custom, policy and/or practice of Defendant City of Philadelphia and these customs, policies or practices caused the violation of Plaintiff's rights.

14. As a direct and proximate cause of the actions of the Defendants Doe #1 and/or Doe #2, Plaintiff was hospitalized and suffered severe physical injuries requiring sutures as well as emotional and psychological harm.

**COUNT I – EXCESSIVE FORCE**
**HECTOR ALOMAR V. POLICE OFFICER JOHN DOE #1**
**PURSUANT TO 42 U.S.C. §1983**

15. Paragraphs 1 through 14 of this Complaint are incorporated herein by reference.

16. On or about April 26, 2024, Defendant Doe #1, without legal justification, acting alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person who was handcuffed behind his back, by shoving him into a wall while Plaintiff was defenseless.

3

17. As a result of Defendant Doe #1's excessive actions, Plaintiff suffered pain and physical injuries to his head, shoulder and clavicle. Plaintiff suffered and continues to suffer physical injury and psychological injury as a result of Defendant Doe #1's actions.

18. Defendant Doe #1, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983.

**COUNT II – EXCESSIVE FORCE**
**HECTOR ALOMAR V. POLICE OFFICER JOHN DOE #2**
**PURSUANT TO 42 U.S.C. §1983**

19. Paragraphs 1 through 18 of this Complaint are incorporated herein by reference.

20. On or about April 26, 2024, Defendant Doe #2, without legal justification, acting alone, jointly and/or in concert with another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person who was handcuffed behind his back, by shoving him into a wall while Plaintiff was defenseless.

21. As a result of Defendant Doe #2's excessive actions, Plaintiff suffered pain and physical injuries to his head, shoulder and clavicle. Plaintiff suffered and continues to suffer physical injury and psychological injury as a result of Defendant Doe #2's actions.

22. Defendant Doe #2, acting under the color of state law, violated the Plaintiff's right to be free from the use of excessive force as guaranteed under the Fourth Amendment and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983.

**COUNT III– CONSPIRACY TO COMMIT EXCESSIVE FORCE**
**HECTOR ALOMAR V. POLICE OFFICER JOHN DOE #1, AND POLICE**
**OFFICER JOHN DOE #2,**
**PURSUANT TO 42 U.S.C. §1983**

23. Paragraphs 1 through 22 of this Complaint are incorporated herein by reference.

24. On or about April 26, 2024, Defendants, Doe #1 and Doe #2, acting under the color of state law, acted jointly and/or in concert and conspiracy, with one another, did with deliberate indifference use excessive force upon the Plaintiff, an unarmed person who was handcuffed, by shoving Plaintiff into a wall, while he was defenseless causing serious injuries to his head shoulder and clavicle.

25. Defendants Doe #1 and Doe #2, acting under the color of state law, and in conspiracy with each other, violated the Plaintiff's right to be free from the use of excessive force. The Defendant Police Officers violated the Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution, 42 U.S.C. §1983.

## COUNT IV - CITY OF PHILADELPHIA
### PURSUANT TO 42 U.S.C. §1983

26. Paragraphs 1 through 25 are incorporated herein by reference as though fully set forth.

27. Prior to the date of this incident, the City of Philadelphia developed and maintained policies and/or customs exhibiting deliberate indifference to the constitutional rights of individuals during the course of arrests, including the policy regarding use of force, which caused a violation of Plaintiff's rights in this case.

28. It was the policy and/or custom of the City of Philadelphia to inadequately and improperly investigate claims that the Philadelphia Police had used excessive force while officers were acting under the color of state law.

29. It was the policy and/or custom of the City of Philadelphia to inadequately supervise, train, retrain, and discipline its police officers, including Defendants Doe #1 and Doe #2, who engaged in excessive force, thereby failing to adequately discourage further constitutional violations on the part of its police officers. The City of Philadelphia did

5

not require appropriate in-service training or retraining of its officers who were known to have engaged in use of excessive force.

30. As a result of the above-described policies and customs, police officers of the City of Philadelphia, including Defendants Doe #1 and Doe #2, believe that their actions would not be properly monitored by supervisory officers, and that the misconduct, including the use of excessive force and deadly force, would not be investigated or sanctioned, but would be tolerated.

31. The above-described policies and customs demonstrate a deliberate indifference on the part of the policymakers of the City of Philadelphia, to the constitutional rights of persons within the City, specifically, the Fourth and Fourteenth Amendments to the United States Constitution, as well as 42 U.S.C. Section 1983, and were the cause of the violations of Plaintiff's rights alleged therein.

WHEREFORE, the Plaintiff requests the following relief in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00):

(a)    Compensatory damages to the Plaintiff against the Defendant Police Officers and City of Philadelphia jointly and severally;

(b)    Punitive damages to the Plaintiff against the Defendant Police Officers jointly and severally;

(c)    Reasonable attorney's fees and costs to the Plaintiff pursuant to Section 42 U.S.C. §1988;

(d)    Such other and further relief as appears reasonable and just.

/s/ Henry George, Esquire
Henry George, Esquire
Attorney for Plaintiff

6